**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SOLO CUP OPERATING CORPORATION,   ) | |
| )   | |
| *Plaintiff,*   ) | |
| )   | |
| v.   ) | |
| )   | |
| CUSTOM TAKE OUT INTERNATIONAL,   ) | |
| d/b/a Pic Nic Cup Company,   ) | |
| )   | |
| and   ) | |
| )   | |
| CHICAGOLAND REFRESHMENT, INC.,   ) | JURY TRIAL DEMANDED |
| )   | |
| *Defendants.*   ) | |

**COMPLAINT FOR**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Solo Cup Operating Corporation ("Plaintiff") files this Complaint against defendant Custom Take Out International ("CTO") d/b/a Pic Nic Cup Company, and defendant Chicagoland Refreshment, Inc. ("CRI") (collectively "Defendants"), and alleges as follows:

**Nature of the Action**

1.      This is an action for infringement of Plaintiff's U.S. trademark rights covering the product configuration of its "Traveler" hot cup lid (the Traveler Configuration Mark) and of Plaintiff's U.S. Trademark Registration 3,284,076 (the Traveler Registration – Exhibit 1), by Defendants' products, in violation of 15 U.S.C. §§ 1114 and 1125. This is further an action for violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*).

## **Parties**

2.     Plaintiff, Solo Cup Operating Corporation, an affiliate company of Dart Container Corporation, is a Delaware corporation with a principal place of business at 150 S. Saunders Road, Lake Forest, Illinois, and operates business that includes the manufacture and sale of disposable serving ware products such as cups and cup lids.

3.     Upon information and belief, Defendant CUSTOM TAKE OUT INTERNATIONAL ("CTO") is a California corporation with an address at 2320 Peck Road, Whittier, California, and/or at 1070 Hamilton Road, Duarte, California, and operates business under the name Pic Nic Cup Company, including business activity that is the subject of this Complaint.

4.     Upon information and belief, Defendant CHICAGOLAND REFRESHMENT INCORPORATED ("CRI") is an Illinois company with an address at 10100 West Franklin Avenue, Franklin Park, Illinois.

## **Jurisdiction and Venue**

5.     This action arises under the U.S. Lanham Act, Title 15, United States Code 35 U.S.C. § 1051, et seq.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Defendants based at least upon the fact that the infringement alleged herein has occurred (and continues to occur) in this District, and upon information and belief, both Defendants continue to offer goods for sale within this District that infringe Plaintiff's Traveler Configuration Mark and violate the Traveler Registration.

7.     Venue is proper under 28 U.S.C. §1391(b) and (c).

### Background and Facts Related to this Action

8.      Plaintiff is a global manufacturer and supplier of food and beverage container products, including hot cup lids marketed under the product name "Traveler" having the appearance of the Traveler Configuration Mark as shown in Exhibit 2 and covered by the Traveler Registration (Exhibit 1).  For over 30 years, Plaintiff has marketed its Traveler lids essentially unchanged in appearance, and Plaintiff has developed substantial trademark rights in the Traveler Configuration Mark.  As evidenced by Plaintiff's Traveler Registration, Plaintiff has the exclusive right to use in commerce the product configuration shown in the Traveler Registration for the goods identified – namely, plastic cup lids.

9.      Long after Plaintiff established rights in its Traveler Configuration Mark and acquired the Traveler Registration, Defendant CTO, operating under the business name Custom Take Out and/or Pic Nic Cup Company, began marketing and distributing hot-cup lid products, including at least white and black lid products for 8 ounce cups (80mm lids) and 10-24 ounce cups (90mm lids) with product appearances as shown in Exhibits 3 and 4 ("Accused Lid Products").  On information and belief, Defendant CTO continues to market and distribute Accused Lid Products in Illinois and within this District, including marketing and sale of such products to the co-defendant CRI.  Such products are sold and distributed by CTO and CRI in packages labeled with the Pic Nic Cup Company logo as shown in Exhibit 5.

10.     Defendant CTO advertises and promotes the sale of products confusingly similar or identical to the configuration of the Traveler Registration, including the Accused Lid Products having product appearances as shown in Exhibit 3 and Exhibit 4.  On information and belief, CTO advertises and sells the hot cup lid products with such product configurations through its

website, as shown in Exhibit 6, and by marketing directly to refreshment product distributors such as Defendant CRI.

11.    On information and belief, Defendant CRI resides in this District, and markets, sells and distributes the Accused Lid Products of CTO, including marketing and distribution of hot cup lids as shown in Exhibit 3, to customers in the Chicago area, packaged as shown in Exhibit 5.

12.    Defendants' advertisement and sale of the Accused Lid Products having product configuration and appearance identical or similar to that which is covered by Plaintiff's Traveler Registration is likely to deceive customers and the public.  Accordingly, Defendants' Accused Lid Products infringe Plaintiff's trademark rights of its Traveler Configuration Mark and Traveler Registration.

13.    Further, on information and belief, Defendants' marketing and distribution of the Accused Lid Products was willful and with the intent to benefit from Plaintiff's popular product configuration covered by Plaintiff's Traveler Registration.

## CAUSES OF ACTION

### Count I – Federal Trademark Infringement Under 15 U.S.C. §1114(1)(a)

14.    Plaintiff realleges and incorporates herein paragraphs 1 through 13 of this Complaint.

15.    Pursuant to 15 U.S.C. §1072, Defendants had constructive notice (and, upon information and belief, actual notice) of Plaintiff's ownership of and rights in its Traveler Registration, during the time Defendants' have been selling the Accused Lid Products.

16.    Defendants have deliberately and willfully used a product configuration identical to, or substantially the same as, Plaintiff's Traveler Configuration Mark covered by its Traveler

Registration in an attempt to trade upon and/or diminish the widespread goodwill, reputation and selling power established by Plaintiff under its mark and to pass Defendants' products off as those of Plaintiff.

17.     Plaintiff has not consented to Defendants' use of Plaintiff's trademark rights covered by the Traveler Registration.

18.     Defendants' unauthorized use of counterfeit hot cup lid products is likely to cause confusion, mistake or deception with Plaintiff's hot cup lids covered by the Traveler Registration in violation of 15 U.S.C. § 1114.

19.     The intentional and willful nature of the aforementioned acts renders this violation subject to enhanced or statutory damages and an exceptional case under 15 U.S.C. § 1117.

20.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm, constituting an injury for which Plaintiff has no adequate remedy at law.  Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendants.

**Count II – Federal Unfair Competition (15 U.S.C. §1125(a))**

21.     Plaintiff realleges and incorporates herein paragraphs 1 through 20 of this Complaint.

22.     On information and belief, Defendants have deliberately and willfully used Plaintiff's Traveler Configuration Mark in an attempt to trade on the long-standing and hard-earned goodwill, reputation and selling power established by Plaintiff in connection with its hot cup lid products in the United States, and to confuse consumers as to the origin and sponsorship of Defendants' goods.

23.     Defendants' unauthorized and tortious conduct has also deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of its goods marketed with its Traveler Configuration Mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

24.     Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants' products with Plaintiff, and as to the origin, sponsorship or approval of Defendants' products, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

25.     The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. §1117(a).

26.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law.  Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of the Defendants.

**Count III – Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510)**

27.     Plaintiff realleges and incorporates herein paragraphs 1 through 26 of this Complaint.

28.     At all relevant times of the allegations made in this Complaint, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) was in effect in Illinois.

29.     Defendants' unauthorized use of Plaintiff's Traveler Configuration Mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Lid Products.

30.     Such knowing and willful conduct described above constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2).  As a result of such conduct, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

31.     In addition to the irreparable harm caused to Plaintiff by reason of Defendants' acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined.

32.     Plaintiff is entitled to entry of permanent injunctive relief prohibiting Defendants from it unauthorized use of the Traveler Configuration Mark in violation of the Illinois Uniform Deceptive Trade Practices Act.

33.     Defendants' willful conduct entitles Plaintiff to a recovery of its attorney fees.

### Count IV – Illinois Consumer Fraud and
### Deceptive Business Practices Act (815 ILCS 505)

34.     Plaintiff realleges and incorporates herein paragraphs 1 through 33 of this Complaint.

35.     At all relevant times of the allegations made in this Complaint, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) was in effect in Illinois.

36.     Each of Defendants' unauthorized use of Plaintiff's Traveler Configuration Mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Lid Products.

37.     Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505).  As a result of such conduct, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

38.     In addition to the irreparable harm caused to Plaintiff by reason of Defendants' acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined.

39.     Plaintiff is entitled to entry of permanent injunctive relief prohibiting the Defendants from unauthorized use of the Traveler Configuration Mark in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

40.     Defendants' willful conduct and reckless indifference toward Plaintiff's rights entitles Plaintiff to a recovery of costs, attorney's fees and punitive damages pursuant to 815 ILCS 505/10a.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against each Defendant on each Count herein and grant relief as follows:

A.      Permanently enjoining and restraining each Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of each Defendant or with Defendants' authority, from:

a.      using, selling, offering for sale, holding for sale, advertising or promoting within the United States any goods confusingly similar to the product configuration covered by the Traveler Registration, including the products depicted in Exhibits 3 and 4 and any advertisement associated with such products such as that which is shown in Exhibit 6; and

b.      doing any act or thing that is likely to induce the belief that Defendants' goods, services or activities are in some way connected with Plaintiff's business, or that is likely to injure or damage Plaintiff's product configuration trademark rights in its Traveler Configuration Mark or associated goodwill;

B.      Requiring that Defendant CTO be ordered to recall from the channels of United States trade all products, packaging, advertising and promotional material sold or distributed by CTO or its affiliates that embody a product configuration identical or nearly identical to that which is shown in the Traveler Registration or confusingly similar to Plaintiff's Traveler

Configuration Mark, including the Accused Lid Products of Exhibits 3 and 4 of the Complaint, pursuant to 15 U.S.C. §1116(d);

      C.      Requiring Defendants to reimburse Plaintiff for all damages Plaintiff has suffered by reason of Defendants' acts of infringement and unfair competition, to account for and pay to Plaintiff all profits derived by reason of such acts, and, based on the willfulness of Defendants' actions and their sale of the counterfeit Accused Lid Products , to remit to Plaintiff treble damages, profits, or statutory damages (including as provided by 15 U.S.C. §1117, the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510, and the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505, and at common law);

      D.      Finding that this case constitutes an exceptional case pursuant to 15 U.S.C. §1117, and awarding Plaintiff its reasonable attorneys' fees and disbursements incurred in bringing this action;

      E.      Requiring that the Defendants reimburse Plaintiff for all disbursements and costs incurred in bringing this action;

      F.      Requiring that each Defendant delivers and destroys all labels, signs, prints, packages, wrappers, receptacles and advertisements in its possession or control within the United States depicting or describing a product configuration confusingly similar to that which is covered by the Traveler Registration, including the packaging of Exhibit 5 of this Complaint and any such labels, packaging, etc. depicting a lid configuration such as is shown in Exhibits 3 and 4 of this Complaint, pursuant to 15 U.S.C. §1118; and,

      G.      Requiring that Plaintiff be awarded such other and further relief as this Court may deem equitable.

Dated:  January 30, 2015          Respectfully Submitted,

  /s/ Bradley F. Rademaker
Bradley F. Rademaker
Michael R. Turner
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois  60602
Tel:  (312) 269-8000
brademaker@ngelaw.com
mturner@ngelaw.com

**Attorneys for Plaintiff**
**SOLO CUP OPERATING CORP.**